Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6774 | **DATE** | 7/10/2000 |
| **CASE TITLE** | HOA NGUYEN vs. F.L. SMITHE MACHINE COMPANY, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/27/2000 at 09:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's Motion for Summary Judgment [28] is denied. This case is set for status on Thursday, July 27, 2000 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | JUL 1 2 2000 | |
| ✓ | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 36 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RJ | courtroom deputy's initials | 00 JUL 12 AM 8:52 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



HOA NGUYEN, )
        Plaintiff, )
     v. ) No. 97 C 6774
)
F.L. SMITHE MACHINE COMPANY, INC. ) Judge Joan B. Gottschall
a foreign corporation, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Hoa Nguyen has brought strict product liability and negligence claims stemming from a hand injury he suffered while making an adjustment to an envelope machine manufactured by defendant F.L. Smithe Machine Company, Inc. Nguyen alleges that the machine was unreasonably dangerous for its intended use because of flaws in its design and because F.L. Smithe provided inadequate warnings and instructions with the machine. The court denies F.L. Smithe's motion for summary judgment as to Nguyen's defective design claims because there is a factual dispute as to whether the adjustment in question could be made effectively while the machine was not running. The court denies the motion as to the adequacy of the machine's warnings because the jury could find them dangerously confusing.

### Background

On September 27, 1995, Nguyen was employed as a machine adjuster by Victor Envelope Company, and was working with an envelope machine that was designed, manufactured, sold and installed by F.L. Smithe. In making what is referred to as a "gap adjustment" to the machine that day – adjusting the gap between two rollers – Nguyen's wrench slipped off a screw and was

pulled, along with his hand, into moving rollers, which crushed his hand. Before attempting to make that adjustment, Nguyen had used a clip to bypass a locking mechanism that was designed to prevent the machine from running when the machine's hood was raised. The locking mechanism had been designed and installed by Victor Envelope after it purchased the machine from F.L. Smithe.

Nguyen filed suit against F.L. Smithe in this court pursuant to 28 U.S.C. § 1332. In his two-count complaint, Nguyen brings claims based on strict product liability and negligence. Specifically, Nguyen alleges that the machine was unreasonably dangerous because: it was manufactured, designed, or installed in such a manner that adjustments to the machine required the user to reach past unguarded moving parts; the machine's rotating rolls formed "in-running nip point hazards"; the machine had inadequate guards and safety devices to protect users; and there were inadequate instructions and warnings provided with the machine. Nguyen's strict product liability and negligence claims are both based on these alleged deficiencies. F.L. Smithe brought a third-party complaint against Nguyen's employer, Victor Envelope Company, seeking contribution.

## Analysis

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *See Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"Under the substantive law of Illinois, in order to prevail on a cause of action in strict liability a plaintiff must establish that (1) the defendant was engaged in the business of selling the product; (2) the plaintiff was injured by a product that is in an unreasonably dangerous condition; and (3) that the condition existed at the time the product left the manufacturer's control." *Romero v. Cincinnati Inc.*, 171 F.3d 1091, 1094 (7th Cir. 1999). Nguyen may show that F.L. Smithe's machine was defective in design by showing (1) that the "product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner" or (2) that the "design proximately caused his injury and the defendant fails to prove that on balance the benefits of the challenged design outweigh the risk of danger inherent in such designs." *Id.* (quoting *Lamkin v. Townwer*, 563 N.E.2d 449, 457 (Ill. 1990)). Even if Nguyen's proposed design would have been better, F.L. Smithe "had no duty to produce a product which represented the ultimate in safety." *Curry v. Louis Allis Co.*, 427 N.E.2d 254, 259 (Ill. App. Ct. 1981).

"The failure to provide a necessary safety device or the failure to warn potential users about a product's dangerous propensities can render a product unreasonably dangerous." *Romero*, 171 F.3d at 1094. However, "[a] manufacturer is not an insurer of its product . . . and it is under no duty to make products incapable of causing any injury under any circumstance." *Curry*, 427 N.E.2d at 257 (citations omitted). "Just because the design used by [the manufacturer] may not have been the safest possible does not mean it was unreasonably dangerous." *West v. Deere and Co.*, 559 N.E.2d 511, 518 (Ill. App. Ct. 1990), *aff'd*, 582 N.E.2d 685 (Ill. 1991). A product is unreasonably dangerous "where it fails to perform in the manner

3

reasonably expected in light of its nature and intended function . . . and where the defect in the product subjects those exposed to it to an unreasonable risk of harm." *Sparacino v. Andover Controls Corp.*, 592 N.E.2d 431, 434 (Ill. App. Ct. 1992) (citations omitted). The question of what is unreasonably dangerous is generally left for the trier of fact to determine. *Id.*

In order to recover, Nguyen must prove that F.L. Smithe's machine was unreasonably dangerous, that the condition or defect was in the machine when sold by F.L. Smithe, and that the injury was directly attributable to that condition or defect. *See Curry*, 427 N.E.2d at 257. It is the causation requirement that presents the primary obstacle to Nguyen's recovery. "Whether the case involves negligence or strict liability in tort, the concepts of proximate causation are the same in each." *Barr v. Rivinius, Inc.*, 373 N.E.2d 1063, 1067 (Ill. App. Ct. 1978). The problem with Nguyen's causation proof stems from the fact that he purposely bypassed a locking mechanism that would have prevented his injury.

Victor Envelope designed and installed a locking device, or interlock, on the machine's hood that prevented the machine from running when the hood was raised. The interlock was added by Victor Envelope approximately one year after the machine was first installed and prior to the time of Nguyen's accident. According to Nguyen, one of his supervisors at Victor Envelope gave him a clip that he could use to bypass the interlock, thereby allowing the machine to run with the hood raised. Nguyen admits that he used this clip at the time of the accident, so that the machine kept running when he lifted the hood to make the gap adjustment.

By adding the interlock, Victor Envelope remedied whatever unreasonably dangerous condition arose from F.L. Smithe's failure to install such a device when it manufactured the machine. In this regard, this case appears to fall within the analysis of the Illinois Supreme Court

4

in *Rios v. Niagara Machine & Tool Works*:

> While we agree that a manufacturer is under a nondelegable duty to produce a product which is reasonably safe, that rule had no application to the facts of this case for the simple reason that a safety device was attached to this punch press by plaintiff's employer. . . . Once this device had been attached to the machine, whatever unreasonably dangerous conditions existed when it left the defendant's control by reason of the absence of safety devices were fully corrected.

*Rios v. Niagara Mach. & Tool Works*, 319 N.E.2d 232, 235-36 (Ill. 1974).

In response, Nguyen asserts that "the interlock was in no way intended to act as a safety device for the 'adjusters.'" (Resp. at 7) According to Nguyen, he and other employees "were specifically taught how to defeat the interlock" because "adjusters needed to make running adjustments with the hood up." (*Id.*) Assuming these facts to be true, they do not help Nguyen's case. Nguyen does not allege that F.L. Smithe instructed him to make the gap adjustment with the hood up, or taught him how to do so. To the extent that Victor Envelope did so, that does not give rise to liability against F.L. Smithe. Whether Victor Envelope intended the interlock to act as a safety device for Nguyen is irrelevant – the fact remains that if Nguyen had not bypassed the interlock, he would not have been injured.

Much more relevant is Nguyen's testimony that gap adjustments, in particular, needed to be made while the machine was running. Nguyen testified that he "just cannot" make the gap adjustment "if the machine is not running" because "when the machine is running, it's a different speed." (Nguyen Dep. at 19) As an experienced adjuster, Nguyen is qualified to testify about his own history of making gap adjustments on the machine in question. The court notes that Nguyen's evidence on this point is far from overwhelming. Nguyen's expert, Douglas Morita, does not opine that gap adjustments needed to be made with the machine running. However,

5

barring contrary evidence from F.L. Smithe, the jury may find Nguyen's testimony credible. If the jury believes that the gap adjustment needed to be made with the machine running – and that Nguyen thus was effectively compelled to bypass the interlock – it may very well conclude that the machine was unreasonably dangerous.

F.L. Smithe's witnesses testified generally that gap adjustments should not be made with the machine running, but they did not speak directly to Nguyen's testimony – *i.e.*, that gap adjustments could not be made effectively unless the machine was running because of problems posed by the changes in speed. Herbert Helm, an F.L. Smithe engineer, testified that the gap adjustment must be made "while the machine is standing still" because making the adjustment with the machine running would destroy its bearings. (Helm Dep. at 98) David Nickell, maintenance manager at Victor Envelope, testified that he had never seen an adjuster make a gap adjustment with the machine running. (Nickell at 56) Arthur Weingartner, Nguyen's supervisor at Victor Electric, testified that the gap adjustment should be made with the machine stopped. He explained that, as set forth in the manual, rather than run the machine, the adjusters "jogged" or inched the machine into position when making the gap adjustment. (Weingartner Dep. at 77-78) While this evidence may lead a jury to reject Nguyen's testimony regarding gap adjustments, it does not negate his testimony for purposes of summary judgment. Because the jury may conclude – based on Nguyen's testimony – that the machine's design compelled him to bypass the interlock and make the gap adjustment with the machine running, F.L. Smithe is not entitled to summary judgment on Nguyen's defective design claims.

Nguyen next launches a broad-brush attack on F.L. Smithe's warnings. Among the warnings affixed to the machine was the statement: "Never reach in a running machine for any

6

reason – under any circumstance. If you do, serious injury will result." (Nguyen Dep. at 25) At his deposition, Nguyen admitted that this warning was on the machine on the day of the accident, and that he had seen that warning on the machine before the day of the accident. He testified that he understood this warning to mean, "If I do any operation on the machine, I need to turn off, otherwise I will have injury." (*Id.* at 25)

Nguyen now argues that warnings such as these contradicted F.L. Smithe's intended operation of the machine because an adjuster is required to raise the hood and reach into the running machine in order to make certain adjustments. Helm admitted that the seal fold adjustment needs to be made with the machine running and the hood up. (Helm Dep. at 170-71) Further, Nickell testified that the operator is closer to the machine's moving rollers when making a seal fold adjustment than when making a gap adjustment. (Nickell Dep. at 87) Helm admitted that the manual does not list the adjustments that should be made with the machine running. (Helm Dep. at 130) Because the machine's design required that F.L. Smithe's express warnings be disregarded in the course of certain normal and foreseeable adjustments to the machine, the jury could find that the warnings were dangerously confusing and inadequate. Further, the jury could find that clearer warnings may have led Nguyen to refrain from bypassing the interlock when making the gap adjustment.

Nguyen is entitled to present to a jury his claim that the warnings provided with the machine by F.L. Smithe were inadequate, thereby rendering the machine unreasonably dangerous. *See Soto v. E.W. Bliss Div. of Gulf & W. Mfg. Co.*, 452 N.E.2d 572, 577 (Ill. App. Ct. 1983) ("A product may be unreasonably dangerous if a manufacturer failed to warn or gave an inadequate warning of a condition which it knew or should have known was dangerous.").

7

## Conclusion

For these reasons, F.L. Smithe's motion for summary judgment is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: July 10, 2000